Slip Op. No. 22-16

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **WHEATLAND TUBE COMPANY,**<br><br>                         Plaintiff,<br><br>       v.<br><br>**UNITED STATES, et al.,**<br><br>                         Defendants. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 22-00004 |

**OPINION AND ORDER**

[Denying plaintiff's motion for a preliminary injunction.]

Dated: February 23, 2022

*Roger B. Schagrin*, Schagrin Associates, of Washington, D.C., for plaintiff Wheatland Tube Company. With him on the motion for a preliminary injunction were *Luke A. Meisner*, *Nicholas J. Birch,* and *Benjamin J. Bay*.

*Tara K. Hogan*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendants. With her on the response to the motion for a preliminary injunction were *Brian M. Boynton*, Acting Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Antonia R. Soares*, Trial Attorney. Of counsel on the response was *Mathias Rabinovitch*, Attorney, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection.

Stanceu, Judge: Plaintiff Wheatland Tube Company ("Wheatland"), a U.S. producer of steel pipes and tubes, moves for a preliminary injunction in an action brought earlier this year in response to certain administrative decisions of U.S. Customs and Border Protection ("Customs" or "CBP").

Plaintiff's motion seeks a preliminary injunction that would prohibit Customs, during the pendency of this litigation (including any appeals), and until such time as Customs responds to certain requests submitted by Wheatland, from liquidating entries of steel conduit pipe imported from Mexico according to subheading 8547.90, Harmonized Tariff Schedule of the United States ("HTSUS"). For classification within this tariff provision, electrical conduit tubing products made of steel must be lined with insulating material. Such goods are subject neither to 25% duties, nor to an import monitoring scheme, imposed by the President of the United States under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232"), which delegates to the President the authority to adjust imports of products determined to threaten to impair the national security.[1]

Wheatland's submissions to Customs and to the court indicate a belief that Customs has allowed, or in the future may allow, steel electrical conduit that is not lined with insulating material to be classified erroneously in subheading 8547.90, HTSUS, under which it would not be subject to Section 232 duties or monitoring.

Because plaintiff has failed to demonstrate a likelihood that it will succeed on the merits of the claim it has brought in this action, the court denies plaintiff's motion for preliminary injunctive relief.

---

[1] Citations herein to the United States Code are to the 2018 edition. Citations herein to the Code of Federal Regulations are to the 2021 edition.

## I. Background

On January 12, 2022, plaintiff brought this action against the United States, the Secretary of Homeland Security, and the Acting Commissioner of Customs and Border Protection, asserting subject matter jurisdiction according to the court's residual jurisdiction provision, 28 U.S.C. § 1581(i). Summons, ECF No. 1; Compl. ¶ 2, ECF No. 4. On the same day, plaintiff filed a Petition for Writ of Mandamus (Jan. 12, 2022), ECF No. 7, and the instant motion for a preliminary injunction, Mot. for Prelim. Inj. (Jan. 12, 2022), ECF No. 8 ("Pl.'s Mot."), with supporting memorandum, Mem. in Supp. of Mot. for Prelim. Inj. (Jan. 12, 2022), ECF No. 9 ("Pl.'s Mem.").

In opposition to plaintiff's submissions, defendant filed a Combined Motion to Dismiss, Response to Plaintiff's Motion for a Preliminary Injunction, and Response to Plaintiff's Petition for a Writ of Mandamus (Feb. 2, 2022), ECF No. 12 ("Def.'s Mot."). In moving to dismiss, defendant argues that the court lacks jurisdiction because this action is moot, Def.'s Mot. 16–20, and, in the alternative, that Wheatland has failed to state a claim on which relief can be granted, *id*. at 21–25. With respect to the motion for a preliminary injunction, defendant argues that, for those reasons, plaintiff has failed to demonstrate a likelihood of success on the merits. *Id*. at 21–23.

The court issues an expedited ruling on plaintiff's preliminary injunction motion. *See* USCIT R. 65(e) ("Precedence of Motions. Motions seeking temporary or preliminary injunctive relief will be given precedence over other matters pending before the court

and expedited in every way."). Because plaintiff has not yet filed a response to defendant's motion to dismiss, the court holds in abeyance any ruling on the issue of whether this action must be dismissed according to USCIT Rule 12(b)(1) or 12(b)(6).

This action arose over Wheatland's interest in tariff classification decisions Customs has applied and will apply to imports from Mexico of electrical conduit made of steel. In 2020 and 2021, Wheatland filed three submissions to Customs under Section 516 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516 ("Section 516"), directed to these imports. Wheatland's dissatisfaction with the responses Customs provided to these submissions resulted in the current litigation.

As a general matter, electrical conduit tubing made of base metal and lined with an insulating material is classified in subheading 8547.90, HTSUS (". . . electrical conduit tubing and joints therefor, of base metal lined with insulating material: Other [than insulating fittings of ceramic or plastic]"). In contrast, steel pipe and tube suitable for use as electrical conduit that is not lined with an insulating material has been classified by Customs under heading 7306, HTSUS ("Other [than seamless] tubes, pipes and hollow profiles (for example, open seamed or welded, riveted or similarly closed), of iron or steel"). Products so classified are subject generally to 25% duties, or to an import monitoring scheme, by Presidential proclamations issued under Section 232.

### A. The Presidential Proclamations Imposing "Section 232" Duties of 25% and Monitoring Schemes on Imported Steel Products, Including Steel Tubing

President Trump imposed 25% duties on various steel products upon issuing, under Section 232, Proclamation No. 9705, *Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625 (Exec. Office of the President Mar. 15, 2018) ("*Proclamation 9705*"). Steel products of heading 7306, HTSUS are included among those products. *Id.* at 11,629–30 (subjecting to 25% duty "tubes, pipes and hollow profiles provided for in heading 7304, or 7306; tubes and pipes provided for in heading 7305").

Proclamation No. 9705 exempted steel products of Canada and Mexico from the 25% duties. *Id.* at 11,626. The President removed that exemption, effective June 1, 2018, and restored it on May 20, 2019, replacing it with a series of measures that included, *inter alia*, monitoring for import surges.[2]

---

[2] *See* Proclamation No. 9705, *Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 11,625, 11,626 (Exec. Office of the President Mar. 15, 2018) (determining "that the necessary and appropriate means to address the threat to the national security posed by imports of steel articles from Canada and Mexico is to continue ongoing discussions with these countries and to exempt steel articles imports from these countries from the tariff, at least at this time").

In Proclamation No. 9740, *Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 20,683, 20,684 (Exec. Office of the President May 7, 2018), the President announced the continuation of discussions with the governments of Canada and Mexico (and the European Union ("EU")) and extended "the temporary exemption of these countries from the tariff proclaimed in Proclamation 9705, at least at this time," and proclaimed that "unless I determine by further proclamation that the United States has reached a satisfactory alternative means to remove the threatened impairment to the national security by imports of steel articles from Canada, Mexico, and the member countries of (continued . . .)

### B. Customs Ruling N306508

In February 2020, Customs issued a tariff classification ruling, New York Ruling Letter N306508 (Feb. 21, 2020), determining that "EMT/UL797 white conduit tubing" is classified under subheading 8547.90, HTSUS (". . . electrical conduit tubing and joints therefor, of base metal lined with insulating material: Other [than insulating fittings of ceramic or plastic]"). In one of its submissions to Customs that resulted in this action, Wheatland requested that Customs reconsider this ruling. Pl.'s Mem. 11.

### C. The *Shamrock* Litigation

On April 6, 2020, Shamrock Building Materials, Inc. ("Shamrock") brought an action in this Court, Summons, *Shamrock Building Materials, Inc. v. United States*, Ct. No. 20-00074 (Apr. 6, 2020), ECF No. 1, to contest the denial by Customs of its protests contesting liquidations of its entries of "electrical metallic tubing finished conduit

---

(. . . continued)
the EU, the tariff set forth in clause 2 of Proclamation 9705 shall be effective June 1, 2018, for these countries."

In Proclamation No. 9894, *Adjusting Imports of Steel Into the United States*, 84 Fed. Reg. 23,987, 23,987 (Exec. Office of the President May 23, 2019), the President announced that "[t]he United States has successfully concluded discussions with Canada and Mexico on satisfactory alternative means to address the threatened impairment of the national security posed by steel articles imports from Canada and Mexico" and "has agreed on a range of measures with Canada and Mexico to prevent the importation of steel articles that are unfairly subsidized or sold at dumped prices, to prevent the transshipment of steel articles, and to monitor for and avoid import surges." The 25% tariff on steel products from Canada and Mexico was discontinued in favor of the range of measures, effective May 20, 2019. *Id*. at 23,988.

('EMT'), and intermediate metal conduit ('IMC') . . . imported from Mexico," Complaint ¶ 8, *Shamrock Building Materials, Inc.*, Ct. No. 20-00074, ECF No. 10, in which protest denials Customs classified Shamrock's imported merchandise in subheading 7306.30, HTSUS ("Other [than seamless] tubes, pipes and hollow profiles (for example, open seamed or welded, riveted or similarly closed), of iron or steel: Other, welded, of circular cross section, or iron or nonalloy steel"), *id.* ¶ 31. In the litigation, Shamrock claims that its imported merchandise is properly classified in subheading 8547.90, HTSUS because it is "electrical conduit tubing of base metal lined with insulating material." *Id.* ¶¶ 50, 52.

### D. Wheatland's Section 516 "Request for Information"

On December 11, 2020, Wheatland filed with Customs a "Domestic Interested Party Request for Information" ("Request for Information") under Section 516 requesting that Customs, pursuant to 19 U.S.C. § 1516(a)(1), "furnish Wheatland with the classification and rate of duty or export license requirement imposed upon imports of steel conduit pipe from Mexico." Compl. Ex. 2, at 1 (Letter from Roger B. Schagrin, Schagrin Associates, to Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection (Dec. 11, 2020) (on file with Customs)) ("*Request for Information*"); *see also* Pl.'s Mem. Ex. 2 (*Request for Information* at 1).

### E.  Wheatland's Request for a Tariff Classification Ruling

On January 7, 2021, Wheatland filed a second request with Customs (the "Ruling Request"), this time seeking "a ruling pursuant to 19 U.S.C. § 1516(a)(2)(A) and 19 C.F.R. 175, Subpart B, regarding the correct classification of certain steel conduit pipe."  Compl. Ex. 3 (Letter from Roger B. Schagrin, Schagrin Associates, to Hon. Mark Morgan, Acting Commissioner, U.S. Customs and Border Protection (Jan. 7, 2021) (on file with Customs)) ("*Ruling Request*"); *see also* Pl.'s Mem. Ex. 3 (*Ruling Request*).  The Ruling Request identified the subject of the submission as follows:

> The imported merchandise that is the subject of this request is steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties.  Electrical conduit pipe is used to route electrical wiring in a building or other structure.  The imported merchandise is covered by this request whether it is EMT [galvanized electrical metallic tubing finished conduit], IMC [intermediate metal conduit], or RMC [rigid metal conduit].

*Ruling Request* at 8.  The Ruling Request further stated that "this merchandise is properly classified under HTS [Harmonized Tariff Schedule] 7306.30 and not under HTS 8547.90."  *Id*.

Wheatland's Ruling Request added that "[a]s part of this request, Wheatland asks that Customs reconsider ruling N306508, 'The tariff classification of steel conduit pipe from Thailand' (Feb. 21, 2020), which concluded that HTS 8547.90.0020 applied to certain conduit made up of steel with an exterior coating of zinc and an interior coating of stoved epoxy resin."  *Id*. at 1.  "Wheatland submits that ruling N306508 conflicts with

other rulings, including N303775 (Apr. 26, 2019), which finds that electrical metal conduit and rigid steel conduit internally coated with epoxy resin are subject to HTS subheading 7306.30." *Id*.

## II. Discussion

### A. Wheatland's Preliminary Injunction Motion

To obtain a preliminary injunction, Wheatland must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities is in its favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The preliminary relief Wheatland seeks would enjoin defendant:

> from making or permitting liquidation of any unliquidated entries of steel conduit pipe entered into the United S[t]ates under HTS 8547.90, for the pendency of this litigation, including any appeals, and until such time as Customs has responded to Plaintiff's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Petitioner's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling.

Pl.'s Mot. 1.[3]

Were the court to reach a factual finding on the issue of irreparable harm, it first would hold an evidentiary hearing to ascertain the material facts. Here, no such

---

[3] A preliminary injunction is intended to prevent irreparable harm during the pendency of the action before the court and, therefore, dissolves upon the court's entry of judgment. Even were the court able to grant a preliminary injunction in this case, it could not grant the preliminary injunction plaintiff proposes, which would extend beyond the entry of judgment in this action.

hearing is necessary or appropriate because no preliminary injunction may issue if a movant cannot demonstrate at least some likelihood of success on the merits. Plaintiff's Complaint and the documentary exhibits to plaintiff's submissions in this litigation convince the court that plaintiff is unlikely to show that it has stated a claim on which relief can be granted. Therefore, plaintiff has failed to demonstrate that it is likely to succeed on the merits of the claim it has brought in this litigation.

### B. Wheatland Has Not Demonstrated the Likelihood that Relief Can Be Granted on its Claim

Wheatland alleges in its Complaint as follows: "As of the date of the filing of this Complaint [January 12, 2022], Customs has failed to respond to Plaintiff Wheatland's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling." Compl. ¶ 40. The Complaint also alleges that "Customs has stated that it will not respond to either Plaintiff Wheatland's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling." *Id*. ¶ 41. The Complaint alleges, further, that:

> Given that the misclassification of imports of steel conduit pipe allows import volumes in excess of historical levels, contrary to the agreement between Mexico and the United States, the failure of Customs to respond to Plaintiff Wheatland's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling is unreasonable.

*Id*. ¶ 42.

The court interprets Wheatland's claim to be that Customs, following Wheatland's submissions of the Request for Information and the Ruling Request, acted unreasonably, *id.*, in failing to "respond" to these submissions in a way that complied with Section 516.[4]  *See id*. ¶ 40.

### 1. The Responses by Customs to the Request for Information

With respect to the Request for Information, the court interprets plaintiff's factual allegation in paragraph 40 of its Complaint—that Customs has failed to respond—as an allegation that the two responses Customs provided to the Request for Information were unreasonable and, therefore, inadequate to satisfy Section 516.  Even when liberally construed in this way, plaintiff's allegation is contradicted by the documents plaintiff attached as exhibits to its submissions.

As is relevant here, Section 516 requires Customs, "upon written request by an interested party," to "furnish the classification and the rate of duty imposed upon designated imported merchandise of a class or kind manufactured, produced, or sold at wholesale by such interested party."  19 U.S.C. § 1516(a)(1).  The Request for Information identified the "class or kind of merchandise" by stating that "[t]he

---

[4] Defendant argues that because Customs has responded to Wheatland's two requests, Wheatland's claim that Customs "failed to respond" is moot and that the court therefore lacks jurisdiction.  Combined Mot. to Dismiss, Resp. to Pl.'s Mot. for a Prelim. Inj., and Resp. to Pl.'s Pet. for a Writ of Mandamus 16–20 (Feb. 2, 2022), ECF No. 12.  As discussed herein, the court construes the claim liberally as an allegation that Customs has not responded in a way that satisfies the requirements of Section 516(a) of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516(a).  So construed, plaintiff's claim is not moot.

**Court No. 22-00004** Page 12

imported merchandise that is the subject of this request is steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties." *Request for Information* at 4–5. "The imported merchandise is covered by this request whether it is electrical metallic tubing finished conduit ('EMT'), intermediate metal conduit ('IMC'), or rigid metal conduit ('RMC')." *Id.* at 5.[5]

Customs first responded to the Request for Information in a January 22, 2021 letter to Wheatland's counsel. Def.'s Mot App. A2 (Letter from Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection, to Roger B. Schagrin, Schagrin Associates

---

[5] The "Domestic Interested Party Request for Information" ("Request for Information") provided information extraneous to the identification of the class or kind of merchandise that was the subject of the request. It referred to "imported electrical conduit from Mexico" on entries by Shamrock and by another importer, Liberty Products Inc., dba RYMCO U.S.A. Compl. Ex. 2, at 2 (Letter from Roger B. Schagrin, Schagrin Associates, to Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection (Dec. 11, 2020) (on file with Customs) ("*Request for Information*"); *see also* Pl.'s Mem. Ex. 2 (*Request for Information* at 2). Wheatland cited information that it believed showed that these two importers were improperly importing electrical conduit according to an entered classification of subheading 8547.90, HTSUS instead of subheading 7306.30, HTSUS, which, Wheatland argued, is the correct classification. *Request for Information* at 2. The Request for Information mentioned Wheatland's belief that importers, through their misclassifications, had evaded 25% duties imposed by Presidential Proclamation 9705 on past entries and, since the removal of those tariffs in favor of export licensing and monitoring regimes, were misclassifying imports to escape those regimes. *Id*. Regarding imports by Shamrock, the Request for Information stated that "[o]n December 21, 2018, CBP issued a Form 29 Notice of Action advising Shamrock that Customs had concluded that the more appropriate classification for its entries of electrical conduit is 7306.30.5028, and CBP instructed Shamrock Steel to use this classification for all current and future entries." *Id*.

(Jan. 22, 2021) (on file with Schagrin Associates)).  The substance of the letter was as follows:

> U.S. Customs and Border Protection (CBP) liquidated entries of certain steel conduit pipe imported by Shamrock Building Materials, Inc. (Shamrock) between April 26, 2019, through July 19, 2019, inclusive, in subheading 7306.30.10, HTSUS, or in 7306.30.50, HTSUS, depending on whether the wall thickness of the pipe was less than 1.65 mm.  The 2020 column one, general rate of duty for both subheadings is Free.
>
> Shamrock filed an action in the Court of International Trade (CIT), challenging the classification of its steel conduit pipe under those tariff provisions.  Therefore, the issue of the classification of the merchandise described above is now before the CIT in <u>Shamrock Building Materials, Inc. v. United States</u>, No. 20-00074, and will be adjudicated in that forum.

*Id*.  Dissatisfied with that response, Wheatland made a third submission that supplemented its Request for Information ("Supplemental Information Request").  Def.'s Mot. App. A3  (Letter from Roger B. Schagrin, Schagrin Associates, to Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection (Feb. 22, 2021) (on file with Customs)) ("*Supplemental Information Request*").  Wheatland told Customs that its "classification request does not cover any of the entries covered by the action currently pending before the CIT in <u>Shamrock Building Materials, Inc. v. United States</u>, No. 20-00074" and that "[w]e therefore consider Wheatland's December 11, 2020 classification request to be still open and pending before the agency and respectfully request CBP to take further action on this matter."  *Id*. at A4.  The letter explained that its request "only asks CBP to respond to two simple questions: 1. Under what tariff

classification have Shamrock's imports of steel conduit pipe been entered since August 31, 2020 to the present? 2. Under what tariff classification have RYMCO USA's imports of steel conduit pipe been entered since August 31, 2020 to the present?" *Id.*

Customs further responded to the Request for Information in an April 9, 2021 letter to Wheatland's counsel. Pl.'s Compl. Ex. 7 (Letter from Craig T. Clark, Director, Com. and Trade Facilitation Div., U.S. Customs and Border Protection, to Roger B. Schagrin, Schagrin Associates (Apr. 9, 2021) (on file with Schagrin Associates)) ("*Final Response*"); Pl.'s Mem. Ex. 7 (*Final Response*). Customs took the position, first, that the tariff classifications Shamrock and RYMCO U.S.A. listed on their entry documentation were information precluded from public disclosure by the Trade Secrets Act, 18 U.S.C. § 1905 and, second, that "your request fails to clearly frame a proper request under 19 U.S.C. § 1516(a)." *Id*. at 2. Customs added that "[m]oreover, as a matter of the designated imported merchandise you described in your initial letter as 'steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties', CBP's position is that the merchandise is classified in heading 7306, HTSUS, irrespective of the date of entry." *Id*. Customs then stated:

> More specifically, and as stated in our letter, dated January 22, 2021, CBP has liquidated entries of certain steel conduit pipe imported by Shamrock in subheadings 7306.30.10 and 7306.30.50, HTSUS, depending on the wall thickness of the pipe, and it is currently defending that position in the U.S. Court of International Trade (CIT). However, the CIT will likely rule on the correct classification of Shamrock's imported pipe.

*Id*. at 2–3.

      Upon reviewing the Request for Information, as originally submitted and as clarified in Wheatland's supplemental information request, and upon reviewing both of CBP's responses, the court concludes that Customs responded to the Request for Information in a way that satisfied the requirements of Section 516(a)(1). Customs was required to "furnish the classification and the rate of duty imposed upon designated imported merchandise of a class or kind" produced by Wheatland. 19 U.S.C. § 1516(a)(1). Wheatland designated the imported merchandise as "steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties . . . whether it is electrical metallic tubing finished conduit ('EMT'), intermediate metal conduit ('IMC'), or rigid metal conduit ('RMC')." *Request for Information* at 4–5. In its Supplemental Information Request, Wheatland sought the tariff classifications by which two importers, Shamrock and RYMCO USA, have entered steel conduit pipe since August 31, 2020. *Supplemental Information Request* at 2.

      CBP's responses, when read together, placed Wheatland on notice of the position of Customs that the imported merchandise Wheatland designated is properly classified in subheading 7306.30.10, HTSUS, or in 7306.30.50, HTSUS, depending on wall thickness, and that the 2020 column one, general rate of duty for both subheadings is Free. Section 516(a)(1) did not require Customs to provide information in addition to that. As the language and purpose of Section 516(a)(1) make clear, the information was

sufficient to allow Wheatland to decide whether it believes the classification position of

Customs "is not correct" and, in that event, to "file a petition" with Customs stating

what it believes is the "proper" classification and "the reasons for its belief."  19 U.S.C.

§ 1516(a)(1).

Wheatland's submissions show that Wheatland agrees with CBP's position on

the proper tariff classification of the imported merchandise that Wheatland designated

in its Request for Information.  And as Customs correctly recognized and informed

Wheatland, Section 516(a)(1) is not a mechanism by which a domestic interested party

may obtain information presented on entry documentation submitted by or on behalf of

specific importers, regardless of whether Customs was free to disclose such information

under the restrictions of the Trade Secrets Act.  The premise of Wheatland's claim,

which is that Customs did not respond to the Request for Information in a way that

satisfies the requirements of Section 516(a)(1), is based on a misinterpretation of this

statutory provision and the corresponding Customs regulations in 19 C.F.R. Part 175,

Subpart A.  Plaintiff, therefore, has failed to show a likelihood of success on the merits

of its claim as it relates to the Request for Information.

## 2.  CBP's Decision on the Ruling Request and its Denial of the Request to Reconsider the Tariff Classification Position Taken in New York Ruling Letter N306508

Wheatland's claim that Customs has failed to provide a response to "Plaintiff's

January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling," Compl. ¶ 40,

also misinterprets Section 516(a)(1), as well as the related Customs regulations, 19 C.F.R.

Part 175, Subparts B and C. Because Wheatland's submissions to Customs demonstrate agreement with the stated classification position of Customs, the Ruling Request is not a "petition" conforming to Section 516(a)(1). Customs, therefore, correctly refrained from issuing a "determination" of the correct classification in response to a petition, pursuant to Section 516(b), 19 U.S.C. § 1516(b), or a notification in response to a petition, pursuant to Section 516(c), 19 U.S.C. § 1516(c). Wheatland, therefore, has failed to show a likelihood of success on the merits of its claim as it relates to the Ruling Request.

Although Section 516(a)(1) did not require it to do so, Customs also responded to Wheatland's urging, in the Ruling Request, that Customs reconsider the tariff classification position taken in New York Ruling Letter N306508. In responding, Customs implicitly treated the Ruling Request as a request for a tariff classification ruling under Part 177 of the Customs Regulations. CBP's April 9, 2021 communication to Wheatland informed Wheatland that its regulation, 19 C.F.R. § 177.7(b), precluded issuance of any such ruling because "the issue of the classification of steel conduit pipe is currently before the CIT" in the pending litigation in *Shamrock Building Materials, Inc.*, Ct. No. 20-00074.[6] *Final Response* at 3. Plaintiff has not shown that it will succeed in demonstrating that the refusal to issue a ruling, which Customs grounded in an interpretation of its own regulations, was unreasonable or otherwise contrary to law.

---

[6] "No ruling letter will be issued with respect to any issue which is pending before the United States Court of International Trade, the United States Court of Appeals for the Federal Circuit, or any court of appeal therefrom." 19 C.F.R. § 177.7(b).

### III. Conclusion and Order

In conclusion, plaintiff is unlikely to succeed in showing that it has brought a claim on which relief can be granted. Therefore, plaintiff has not demonstrated that it is likely to succeed on the merits of this claim and, accordingly, is not entitled to a preliminary injunction.

Upon consideration of plaintiff's motion for a preliminary injunction, Mot. for Prelim. Inj. (Jan. 12, 2022), ECF No. 8, all papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion for a preliminary injunction be, and hereby is, denied.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: February 23, 2022
      New York, New York