**Slip Op. No. 22-22**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **WHEATLAND TUBE COMPANY,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES, et al.,**<br><br>Defendants. | **Before: Timothy C. Stanceu, Judge**<br><br>**Court No. 22-00004** |

**OPINION**

[Dismissing action for failure to state a claim on which relief can be granted.]

Dated: March 18, 2022

*Roger B. Schagrin*, Schagrin Associates, of Washington, D.C., for plaintiff. With him on the response to the motion to dismiss were *Luke A. Meisner*, *Nicholas J. Birch*, and *Benjamin J. Bay*.

*Antonia R. Soares*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendants. With her on the motion to dismiss were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Tara K. Hogan*, Assistant Director. Of counsel on the motion to dismiss was *Mathias Rabinovitch*, Attorney, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection.

Stanceu, Judge: Plaintiff Wheatland Tube Company ("Wheatland"), a U.S. producer of steel pipes and tubes, commenced this action on January 12, 2022, claiming that U.S. Customs and Border Protection ("Customs" or "CBP") acted unlawfully in the actions it took, and declined to take, following Wheatland's submissions to Customs on

the tariff classification of certain steel electrical conduit pipe products imported from Mexico. Defendants move to dismiss this action for lack of jurisdiction or, in the alternative, for failure to state a claim on which relief can be granted. The court grants the motion to dismiss, concluding that it has jurisdiction over this action but also that plaintiff's complaint, being based on a misinterpretation of the governing statute, does not state a claim on which the court can grant relief.

## I. BACKGROUND

Background is provided in the court's previous opinion and order, Op. and Order, Slip Op. 22-16 (Feb. 23, 2022), ECF No. 19, which denied plaintiff's motion for a preliminary injunction to prevent liquidation of certain entries of steel conduit pipe imported into the United States. In denying the preliminary injunction motion, the court ruled that plaintiff is unlikely to succeed in showing that its claim is one on which relief can be granted and therefore has not demonstrated a likelihood of success on the merits.

Before the court are defendants' motion to dismiss this action, Def.'s Combined Mot. to Dismiss, Resp. to Pl.'s Mot. for a Prelim. Inj., and Resp. to Pl.'s Pet. for a Writ of Mandamus (Feb. 2, 2022), ECF No. 12 ("Defs.' Mot."), and plaintiff's response thereto, Resp. in Opp'n to Mot. to Dismiss (Mar. 9, 2022), ECF No. 21 ("Pl.'s Resp.").

## II. Discussion

This case arose from three submissions Wheatland filed with Customs under Section 516 of the Tariff Act of 1930, *as amended*, 19 U.S.C. § 1516 ("Section 516")[1] in late 2020 and early 2021, each of which Wheatland directed to the tariff classification of imports from Mexico of steel electrical conduit pipe and tubing. Underlying the three submissions was Wheatland's assertion that these imports were being misclassified and thereby evading import monitoring schemes imposed by the President of the United States under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862 ("Section 232"), which delegates to the President the authority to adjust imports of products determined to threaten to impair the national security.[2]

Electrical conduit tubing made of base metal and lined with an insulating material is classified generally in subheading 8547.90, Harmonized Tariff Schedule of the United States ("HTSUS") (". . . electrical conduit tubing and joints therefor, of base metal lined with insulating material: Other [than insulating fittings of ceramic or plastic]"). Wheatland's submissions under Section 232 reflect a belief that two importers of steel electrical conduit from Mexico, Shamrock Building Materials, Inc.

---

[1] Citations herein to the United States Code are to the 2018 edition. Citations herein to the Code of Federal Regulations are to the 2021 edition.

[2] The Presidential proclamations, Wheatland's three submissions, and the communications of U.S. Customs and Border Protection responding to Wheatland are described in detail in the court's previous opinion and order. Op. and Order at 5–15, Slip Op. 22-16 (Feb. 23, 2022), ECF No. 19.

(“Shamrock”) and Liberty Products Inc., dba RYMCO USA (“RYMCO USA”), are improperly entering their steel electrical conduit tubing under this subheading. Wheatland’s position is that these imported products, which Wheatland considers not to be lined with insulating material, instead should have been entered under heading 7306, HTSUS (“Other [than seamless] tubes, pipes and hollow profiles (for example, open seamed or welded, riveted or similarly closed), of iron or steel”). Unlike the products classified in subheading 8547.90, HTSUS, products classified under heading 7306, HTSUS, are subject generally to 25% duties, or to an import monitoring scheme, by Presidential proclamations issued under Section 232.

Wheatland’s first submission, dated December 11, 2020, was a “Domestic Interested Party Request for Information” (the “Request for Information”) asking pursuant to 19 U.S.C. § 1516(a)(1) that Customs “furnish Wheatland with the classification and rate of duty or export license requirement imposed upon imports of steel conduit pipe from Mexico.” Compl. Ex. 2, at 1 (Letter from Roger B. Schagrin, Schagrin Associates, to Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection (Dec. 11, 2020) (on file with Customs)) (“*Request for Information*”).

Wheatland filed with Customs a second submission (the “Ruling Request”), dated January 7, 2021, that sought “a ruling pursuant to 19 U.S.C. § 1516(a) and 19 C.F.R. 175, Subpart B, regarding the correct classification of certain steel conduit

pipe." Compl. Ex. 3, cover letter (Letter from Roger B. Schagrin, Schagrin Associates, to Hon. Mark Morgan, Formerly Acting Commissioner, U.S. Customs and Border Protection (Jan. 7, 2021) (on file with Customs)) ("*Ruling Request*"). The Ruling Request also asked that Customs reconsider one of its previous rulings on the tariff classification of steel conduit pipe. *Id*.

Dissatisfied with the response to the Request for Information that Customs sent to Wheatland on January 22, 2021, Wheatland made a third submission (the "Supplemental Information Request") on February 22, 2021. Defs.' Mot. App. A3 (Letter from Roger B. Schagrin, Schagrin Associates, to Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection (Feb. 22, 2021) (on file with Customs)) ("*Supplemental Information Request*"). Referring to the two importers, Shamrock and RYMCO USA, that Wheatland believed were entering their products under incorrect tariff classifications, the letter explained that its request "only asks CBP to respond to two simple questions: 1. Under what tariff classification have Shamrock's imports of steel conduit pipe been entered since August 31, 2020 to the present? 2. Under what tariff classification have RYMCO USA's imports of steel conduit pipe been entered since August 31, 2020 to the present?" *Id*. at A4. Central to this dispute is the position Customs took on the Supplemental Information Request: that it was not a proper

request under Section 516 and that Customs is precluded by law from providing the entry information Wheatland was seeking.

**A. Plaintiff's Claim in this Litigation Is Not Moot**

Wheatland's complaint alleges that "[a]s of the date of the filing of this Complaint [January 12, 2022], Customs has failed to respond to Plaintiff Wheatland's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling." Compl. ¶ 40. The Complaint also alleges that "Customs has stated that it will not respond to either Plaintiff Wheatland's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling." *Id*. ¶ 41. The Complaint alleges, further, that:

> Given that the misclassification of imports of steel conduit pipe allows import volumes in excess of historical levels, contrary to the agreement between Mexico and the United States, the failure of Customs to respond to Plaintiff Wheatland's December 11, 2020 19 U.S.C. § 1516(a)(1) request for information and Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling is unreasonable.

*Id*. ¶ 42.

Defendants' motion to dismiss this action under USCIT Rule 12(b)(1) for lack of jurisdiction centers on the response to the Request for Information Customs sent to Wheatland on January 22, 2021, and to a communication dated April 9, 2021, which responded further to the Request for Information and also responded to the Ruling Request. Defendants argue that because Customs has responded to Wheatland's

submissions, plaintiff's claim that Customs "failed to respond" is moot and that the court therefore lacks jurisdiction. Defs.' Mot. 16–20. The court disagrees, concluding that defendants' argument interprets plaintiff's claim too narrowly.

Plaintiff brought this action on January 12, 2022, nine months after CBP's April 9, 2021 communication, and its submissions to the court were made in awareness of that communication and the previous January 22, 2021 communication by Customs. Plaintiff's factual allegations that Customs "failed to respond," Compl. ¶ 40, and "stated that it will not respond," *id*. ¶ 41, to the Request for Information and the Ruling Request, are, admittedly, not clearly expressed. Nevertheless, in context these allegations are best construed as a claim that Customs acted unreasonably in failing to "respond" to these two submissions in a way that satisfies the requirements of 19 U.S.C. § 1516(a). So construed, plaintiff's claim is a live dispute rather than one that has been mooted by agency action.

Because it challenges agency actions and alleged inactions, the court interprets plaintiff's claim as arising under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."). The court has jurisdiction over this action according to 28 U.S.C. § 1581(i) and reviews it according to 28 U.S.C. § 2640(e), under which it "shall review the matter as provided in section 706 of title 5." The latter provision, also of the

APA, directs the court, *inter alia*, to "(1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

**B. Plaintiff's Claim Is Not One on which Relief Can Be Granted**

The Request for Information, the Ruling Request and the supplement thereto, and CBP's responses to these submissions are before the court as exhibits to the Complaint or to defendants' motion to dismiss. These documents are sufficient for the court to determine whether plaintiff's claim is one on which relief can be granted. To do so, the court considers whether CBP's responses satisfied the agency's obligations under Section 516(a).

**1. CBP's Responses to the Request for Information**

In opposing dismissal, plaintiff argues that "[i]n enacting Section 1516, Congress intended to provide domestic manufacturers with a remedy to address importers that were misclassifying their imports of merchandise." Pl.'s Resp. 23. Wheatland's view is that Customs failed to respond to the Request for Information when it refused to address allegations of misclassification by specifically identified importers and merely explained its own classification position on steel electrical conduit tubing that is not lined with insulating material. According to Wheatland, that action alone "is not what the statute required of Customs" and that what "Wheatland was seeking was

information from Customs that would confirm its belief that both Shamrock and RYMCO USA were misclassifying their imports under HTS 8547 instead of correctly classifying the imports under HTS 7306." *Id.* at 22.

Wheatland is correct that Customs refused to inform it as to how Shamrock and RYMCO USA were entering their imported steel conduit tubing. But as the court discusses below, Wheatland is not correct in its interpretation of the purpose of Section 516.

Customs first responded to the Request for Information in the January 22, 2021 communication to Wheatland's counsel. Defs.' Mot. App. A2 (Letter from Allyson R. Mattanah, Branch Chief, Chem., Petroleum, Metals and Misc. Articles Regs. and Rulings, Off. of Trade, U.S. Customs and Border Protection, to Roger B. Schagrin, Schagrin Associates (Jan. 22, 2021) (on file with Schagrin Associates)). The substance was as follows:

> U.S. Customs and Border Protection (CBP) liquidated entries of certain steel conduit pipe imported by Shamrock Building Materials, Inc. (Shamrock) between April 26, 2019, through July 19, 2019, inclusive, in subheading 7306.30.10, HTSUS, or in 7306.30.50, HTSUS, depending on whether the wall thickness of the pipe was less than 1.65 mm. The 2020 column one, general rate of duty for both subheadings is Free.
>
> Shamrock filed an action in the Court of International Trade (CIT), challenging the classification of its steel conduit pipe under those tariff provisions. Therefore, the issue of the classification of the merchandise described above is now before the CIT in Shamrock Building Materials, Inc. v. United States, No. 20-00074, and will be adjudicated in that forum.

*Id.* Wheatland's dissatisfaction with this response prompted the Supplemental Information Request, in which Wheatland asked Customs for the tariff classifications under which Shamrock's and RYMCO USA's imports of steel conduit pipe have "been entered since August 31, 2020 to the present." *Supplemental Information Request* at A4. That inquiry led to CBP's communication of April 9, 2021, to Wheatland's counsel (the "Final Response"). Compl. Ex. 7 (Letter from Craig T. Clark, Director, Com. and Trade Facilitation Div., U.S. Customs and Border Protection, to Roger B. Schagrin, Schagrin Associates (Apr. 9, 2021) (on file with Schagrin Associates)) ("*Final Response*"). Customs took the position, first, that the tariff classifications Shamrock and RYMCO U.S.A. listed on their entry documentation were information precluded from public disclosure by the Trade Secrets Act, 18 U.S.C. § 1905 and, second, that "your request fails to clearly frame a proper request under 19 U.S.C. § 1516(a)." *Id*. at 2. Customs added that:

> Moreover, as a matter of the designated imported merchandise you described in your initial letter as "steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties", CBP's position is that the merchandise is classified in heading 7306, HTSUS, irrespective of the date of entry.

*Id*. Customs then stated:

> More specifically, and as stated in our letter, dated January 22, 2021, CBP has liquidated entries of certain steel conduit pipe imported by Shamrock in subheadings 7306.30.10 and 7306.30.50, HTSUS, depending on the wall thickness of the pipe, and it is currently defending that position in the U.S. Court of International Trade (CIT). However, the CIT will likely rule on the correct classification of Shamrock's imported pipe.

*Id*. at 2–3.

Wheatland's view that Customs was required to inform Wheatland of the entered classifications of specific importers is at odds with the plain meaning of the statute. Section 516(a)(1) requires Customs, "upon written request by an interested party," to "furnish the classification and the rate of duty *imposed upon* designated imported merchandise of a class or kind manufactured, produced, or sold at wholesale by such interested party." 19 U.S.C. § 1516(a)(1) (emphasis added). Under the Tariff Act, it is Customs, not the importer, that determines "the classification and the rate of duty imposed upon" the imported merchandise. The statute requires the importer of record to "complete the entry . . . by filing with the Customs Service the declared value, classification and rate of duty applicable" to the merchandise, 19 U.S.C. § 1484(a)(1)(B), but it directs Customs to "fix the final classification . . . ," *id*. § 1500(b), and "liquidate the entry . . . of such merchandise," *id*. § 1500(d).

The context in which the word "classification" is used in Section 516(a)(1) casts further doubt on plaintiff's proffered construction. The procedure thereunder allows a domestic interested party to pursue a remedy if it "believes that the *appraised* value, the classification, or rate of duty is not correct." *Id*. § 1516(a)(1) (emphasis added). Like the tariff classification, the "appraised value" of the merchandise can be determined only by Customs, *see id*. §§ 1401a(a)(3), 1500(a), not by the importer, who enters the "declared value," *see id*. § 1484(a)(1)(B). Similarly, only Customs, not the importer, fixes the "rate of duty." *See id*. § 1500(b).

Even though it is not the importers who "fix the final classification," 19 U.S.C. § 1500(b), plaintiff nevertheless insists that "[t]he 'classification' referenced in Section 1516 is the classification by specific importers of designated imports of merchandise that has already entered the United States," Pl.'s Resp. 22. In addition to positing that "[i]n enacting Section 1516, Congress intended to provide domestic manufacturers with a remedy to address importers that were misclassifying their imports of merchandise," Pl.'s Resp. 23, Wheatland goes so far as to contend that "[i]ndeed, Customs' interpretation of Section 1516 leads to the absurd result—as exemplified in this case—where the domestic manufacturer is completely deprived of any remedy under Section 1516 and misclassification continues unabated, rendering Section 1516 altogether meaningless," *id*. at 24.

The court is unconvinced by plaintiff's hyperbole. Section 516 establishes a procedure by which a domestic interested party may "contest the appraised value, classification, or rate of duty" imposed upon the designated imported merchandise if the domestic party is "dissatisfied with the determination of the Secretary" on those matters. 19 U.S.C. § 1516(c). The interested party has the opportunity to contest CBP's classification decision in an action brought in the Court of International Trade on a future entry. *See id*. § 1516(c), (d). For a domestic interested party that believes Customs is not correctly appraising or classifying "designated imported merchandise of a class or kind" that is "manufactured, produced, or sold at wholesale by such

interested party," *id* § 1516(a)(1), the remedy provided by Section 516—judicial review of a valuation or classification decision of Customs with which it disagrees—scarcely can be described as "altogether meaningless," Pl.'s Resp. 24.[3]

In support of its statutory interpretation, plaintiff argues that "Congress's use of the term 'designated' shows that requests for information under Section 1516 pertain to the actual classification of specific entries of merchandise—not to Customs' position on the classification of hypothetical imports based on a general description of the imports" and that "[i]nterpreting the statute any other way renders the term 'designated' as superfluous, void, and insignificant." *Id.* at 15–16 (footnote omitted). This argument is misguided. The word "designated" connotes that a domestic interested party must identify, by "class or kind," the imported merchandise of which it is concerned and about which it seeks to know "the classification and the rate of duty imposed." 19 U.S.C. § 1516(a)(1). The Request for Information did just that in designating the "class or kind" of the merchandise by stating that "[t]he imported merchandise that is

---

[3] In contrast, Wheatland does not identify what remedy would have been available to it had Customs provided it the requested entry information of the two importers. Wheatland's argument that it should have been provided "information from Customs that would confirm its belief that both Shamrock and RYMCO USA were misclassifying their imports under HTS 8547 instead of correctly classifying the imports under HTS 7306," Resp. in Opp'n to Mot. to Dismiss at 22 (Mar. 9, 2022), ECF No. 21 ("Pl.'s Resp."), does not answer this question. Nor would such information, by itself, have demonstrated that the two importers were entering merchandise under an incorrect tariff classification or shed any light on how the entries at issue were liquidated.

the subject of this request is steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties" and that "[t]he imported merchandise is covered by this request whether it is electrical metallic tubing finished conduit ('EMT'), intermediate metal conduit ('IMC'), or rigid metal conduit ('RMC')." *Request for Information* at 4–5. The appearance of the word "designated" in 19 U.S.C. § 1516(a)(1) does not compel, or even suggest, an interpretation under which a domestic interested party may use the provision to obtain information concerning the tariff classification shown on entry documents of specific importers.[4] Customs, therefore, was correct in responding that the Supplemental Information Request, which sought only information on how Shamrock and RYMCO USA were entering their imported steel conduit tubing from Mexico, was not a proper request for information under Section 516(a)(1), and Customs was under no obligation to provide the information Wheatland identified therein. *See Final Response* at 2–3.

**2. CBP's Response to the Ruling Request**

Wheatland's second submission to Customs, the Ruling Request, sought "a ruling pursuant to 19 U.S.C. § 1516(a) and 19 C.F.R. 175, Subpart B, regarding the

---

[4] Wheatland argues, further, that its interpretation that Section 516(a)(1) required it to provide the requested entry information is supported by Part 175 of the Customs regulations, Pl.'s Resp. at 17–19, and by case law, *id*. at 20–21. The court finds nothing on point in the Part 175 regulations, and the case law on which Wheatland relies is inapposite.

correct classification of certain steel conduit pipe." *Ruling Request*, cover letter. The Ruling Request identified the subject of the submission as follows:

> The imported merchandise that is the subject of this request is steel conduit pipe imported from Mexico, with or without interior coating, where any such coating does not have insulation properties. Electrical conduit pipe is used to route electrical wiring in a building or other structure. The imported merchandise is covered by this request whether it is EMT [galvanized electrical metallic tubing finished conduit], IMC [intermediate metal conduit], or RMC [rigid metal conduit].

*Id*. at 8. The Ruling Request further stated that "this merchandise is properly classified under HTS [Harmonized Tariff Schedule] 7306.30 and not under HTS 8547.90." *Id*. The submission also requested that Customs reconsider one of its previous rulings:

> As part of this request, Wheatland asks that Customs reconsider ruling N306508, "The tariff classification of steel conduit pipe from Thailand" (Feb. 21, 2020), which concluded that HTS 8547.90.0020 applied to certain conduit made up of steel with an exterior coating of zinc and an interior coating of stoved epoxy resin. Wheatland submits that ruling N306508 conflicts with other rulings, including N303775 (Apr. 26, 2019), which finds that electrical metal conduit and rigid steel conduit internally coated with epoxy resin are subject to HTS subheading 7306.30.

*Id*. at 1. The response of Customs, contained in the communication to Wheatland's counsel dated April 9, 2021, was that no ruling revoking the ruling at issue could be issued because a provision in its regulations precludes issuance of a ruling letter "with respect to any issue which is pending before the United States Court of International Trade." *Final Response* at 3 (quoting 19 C.F.R. § 177.7(b)). Referring to *Shamrock Building Materials v. United States*, Ct. No. 20-00074, the letter informed Wheatland that "[as] we

stated in our letter, dated January 22, 2021, the issue of the classification of steel conduit pipe is currently before the CIT." *Id.*

Wheatland asserts that Customs has failed to provide a response to "Plaintiff's January 7, 2021 19 U.S.C. § 1516(a) petition for tariff classification ruling." Compl. ¶ 40. The Ruling Request, although submitted pursuant to Section 516(a)(1), was not a proper submission (i.e., a "petition") filed according to that statutory provision. Under it, a domestic interested party, after being informed by Customs of "the classification and the rate of duty imposed" upon the designated imported merchandise, may file a petition with Customs "[i]f the interested party believes that the appraised value, the classification, or rate of duty is not correct." 19 U.S.C. § 1516(a)(1). In the January 22, 2021 communication, Customs informed Wheatland that it had liquidated Shamrock's entries of "certain steel conduit pipe" in subheading 7306.30, HTSUS. Defs.' Mot. App. A2. The Ruling Request did not inform Customs that Wheatland disagreed with this classification and instead indicated general agreement with it.

Because the Ruling Request was not a valid "petition" submitted according to 19 U.S.C. § 1516(a)(1), Customs was under no obligation to make, and not in a position to make, one of the determinations described in 19 U.S.C. § 1516(b) or (c). Moreover, any obligation Customs may have had under Section 516 to inform Wheatland of the status of Wheatland's "petition" was satisfied by the Final Response, which informed

Wheatland of CBP's classification position with respect to the designated imported merchandise, as Wheatland itself had defined it in the Ruling Request.

In arguing that Customs failed to respond to the Ruling Request in compliance with Section 516, Wheatland asserts that it "did—and does—disagree with the classification of the designated imported merchandise, which continues to be misclassified under HTS 8547." Pl.'s Resp. 26. This argument is misguided and also puzzling. It is misguided in reflecting Wheatland's incorrect interpretation that the word "classification" as it appears in Section 516(a)(1) refers to entered classification as opposed to the classification as determined by Customs. The argument is puzzling in asserting that the designated merchandise continues to be misclassified. Wheatland's position on the Request for Information is that Customs failed to submit a proper response to its inquiry as to *whether* Shamrock and RYMCO USA were entering their merchandise according to what Wheatland considered to be incorrect tariff provisions.

Finally, in its response to the motion to dismiss, Wheatland takes issue with the position Customs took in the Final Response that Section 177.7(b) of the Customs regulations precluded issuance of a ruling due to the *Shamrock Building Products* litigation pending before this Court. *Id*. at 29 (arguing that "it is unreasonable to interpret 19 C.F.R. § 177.7(b) to preclude rulings even where the party seeking the ruling is different from the party that brought the CIT action."). According to plaintiff, "[i]t is thus unreasonable to allow an importer to frustrate a domestic producer's only

remedy to misclassification by bringing and then delaying resolution of an action at the CIT." *Id*. at 30. This argument is meritless. The regulatory provision, which precludes issuance of a ruling "with respect to any *issue* which is pending before the United States Court of International Trade," 19 C.F.R. § 177.7(b) (emphasis added), does not draw the distinction Wheatland identifies and, accordingly, was not misinterpreted by Customs. What is more, Wheatland's complaint, which contests the actions Customs took and declined to take under Section 516, not Part 177 of the Customs regulations, does not include a claim that § 177.7(b) is invalid.

## III. Conclusion

As discussed above, plaintiff's claim that Customs did not satisfy its obligations under Section 516 when responding to Wheatland's three submissions rests upon a misinterpretation of that statute and, as a result, is not a claim on which relief can be granted.

Contrary to plaintiff's claim, Customs provided the information it was required by Section 516 to provide in response to the Request for Information and was under no obligation to provide the information Wheatland sought in the Supplemental Information Request Wheatland filed on February 22, 2021, which was not a proper subject of an inquiry under Section 516(a)(1). Customs did not fail to respond, or fail to respond correctly, to the Ruling Request, which was not a proper petition under Section 516(a)(1).

Because plaintiff's complaint fails to state a claim on which relief can be granted, the court will grant defendants' motion to dismiss and enter judgment dismissing this action.

/s/ Timothy C. Stanceu
Timothy C. Stanceu, Judge

Dated: March 18, 2022
New York, New York